**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:25-MC-00003-CHB-CHL**

**BRYAN ARNOLD, et al.,**                                      **Petitioner,**

**v.**

**MARTIN ZAKARIAN, et al.,**                                  **Respondents.**

## MEMORANDUM OPINION AND ORDER

Before the Court are the Motion to Quash Subpoena for the Deposition of Bryan Arnold and for a Protective Order filed by Petitioners Rawlings & Associates, PLLC ("Rawlings"), Bryan Arnold ("Arnold"), The Rawlings Company LLC (the "Company"), and Rawlings Financial Services, LLC ("Financial") (collectively "Petitioners") (DN 1) and the Motions for Leave to Seal filed by the parties.  (DNs 20, 21.)  Respondents Martin Zakarian ("Zakarian") Mary Jones ("Jones") (collectively "Respondents") have publicly filed a redacted response (DN 17) and an unredacted response under seal.  (DN 15.)  Petitioners have publicly filed a redacted reply (DN 10) and an unredacted reply under seal.  (DN 8.)[1]  For the following reasons, the Motion to Quash (DN 1) is **GRANTED** and the Motions to Seal (DNs 20, 21) are **DENIED**.

   I.    **Background**

        A.  **Factual Background**

This Motion to Quash arises out of a case filed in the Western District of Missouri (the "Missouri Action").  (DN 1-1, at PageID # 4.)  Respondents are individuals who have settled any lawsuit, claim, or cause of action and for whom the Company was the agent for Medicare.  (DN 1-2, at PageID # 22-23.)  Respondents are asserting a claim of negligence per se for violations of

_____

[1] The reply had been filed earlier in the docket than the response due to a delay in the Court's reception of the response via U.S. Mail.

title 42, section 411.37 of the Code of Federal Regulations and a claim for breach of contract. (DN 1-2.)

In the Missouri Action, Respondents requested documents and ESI related to members of the proposed class. (DN 1-1, at PageID # 6.) The Company asserted that identifying individual Medicare Advantage files where the Company had received notice that procurement costs had been incurred and where there was a dispute regarding the alleged failure to offset such costs would require a manual file by file review. (*Id.*) Counsel for Respondents thus advised the court that the parties had a discovery dispute. (*Id.*) The court then conducted a hearing and ordered a Rule 30(b)(6) deposition of Rawlings regarding the presence or absence of ESI on procurement costs. (*Id.* at PageID # 7.) Respondents then deposed Ryan Tydlacka ("Tydlacka") who testified that the subrogation recovery system ("SRS") was not capable of retrieving information on procurement costs. (DN 15, at PageID # 106.) Tydlacka informed Respondents that Arnold would have a better understanding as to the potential modifications to the SRS. (*Id.*) Once the deposition was over, Respondents reached out to counsel for Rawlings to request dates to depose Arnold. (DN 1-1, at PageID # 8.) Counsel for Rawlings advised Respondents that such a deposition would not be appropriate. (*Id.*) Accordingly, Petitioners filed this Motion to Quash (DN 1) in this Court.

## II.    Analysis

### A.  Motion to Quash

#### 1.  Standard of Review

Matters of discovery are within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). The reviewing court reviews a ruling by the trial court limiting or denying discovery under an abuse of discretion standard. *Id.* An abuse of discretion exists when the reviewing court is "firmly convinced" that a mistake has been made.

*Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

### 2. Motion to Quash and for Protective Order

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(3)(A)(iv). But, on matters relating to a deposition, a party or any person from whom discovery is sought may also move for a protective order in the court for the district where the deposition will be taken. Fed. R. Civ. P. 26(c)(1). The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *Brunswick TKTKonnect, LLC v. Kavanaugh*, No. 3:22-CV-00004-RGJ-CHL, 2025 WL 581352, at *6 (W.D. Ky. Feb. 21, 2025).

### a) The deposition of Arnold would be relevant to the existence of ESI on procurement costs.

Information must be relevant to be discoverable. Fed. R. Civ. P. 26(b)(1). The Supreme Court has interpreted relevance broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on," the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Essentially, a request for discovery seeks relevant information if there is any possibility that the information sought may be relevant to a claim or defense of any party in the action. *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). But discovery is not solely limited to

the merits of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer*, 437 U.S. at 351. For example, discovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation. *Id.* at 351 n. 13.

When an objection to relevance is raised or the relevance of the information sought is not apparent, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *First Mercury Ins. Co. v. Babcock Enterprises, Inc.*, No. 3:21-CV-00672-GNS-CHL, 2024 WL 3939604, at *7 (W.D. Ky. Aug. 26, 2024). When the discovery material sought appears to be relevant, the party who is resisting production bears the burden of establishing that the material is not relevant, or that it is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure. *Invesco*, 244 F.R.D. at 380. This party bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury. *Id.*

Here, Arnold's deposition would be relevant to this matter because Arnold knows whether the SRS may be modified to retrieve discoverable information. Specifically, he knows whether the SRS could be modified to retrieve data on how much money Petitioners recovered from a Medicare lien, and thus, the amount of money Rawlings collected because of its failure to account for procurement costs. (DN 15, at PageID # 106.) Such information would bear directly on both the merits of class certification and damages. Additionally, courts may order parties to write programs to search an existing database for relevant information. *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 243 (N.D. Ohio 2017). It thus follows that courts may order parties

to modify existing programs to search an existing database for relevant information.  Accordingly, the information sought in the deposition is relevant.

Petitioners are correct that courts must closely scrutinize requests for collateral discovery. *Commins v. NES Rentals Holdings, Inc.*, No. 3:16CV-00608-GNS, 2018 WL 3186983, at \*9 (W.D. Ky. June 28, 2018).  However, requests for collateral discovery are not per se impermissible. *Freedman v. Weatherford Intern. Ltd.*, No. 12 Civ. 2121(LAK)(JCF), 2014 WL 3767034, at \*3 (S.D.N.Y. July 25, 2014) ("There are circumstances where such collateral discovery is warranted.").  In fact, the scope of collateral discovery is no different from the scope of any other aspect of discovery; collateral discovery must be relevant to a claim or defense in the litigation and proportional to the needs of the case. *Commins*, 2018 WL 3186983, at \*9.  As the Court finds that Arnold's deposition testimony would be relevant, the Court must determine whether deposing Arnold would create an undue burden.

### b) The deposition of Arnold would be unduly burdensome because Respondents could obtain the information from a more convenient source.

On a timely motion, a court must quash or modify a subpoena that subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Furthermore, a court must limit discovery if a party is seeking discovery that can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(C)(i).

Here, the Court finds that the burden on Petitioners in complying with the subpoena is not justified because Respondents may obtain the requested information from a more convenient source.  The deposition would disrupt Arnold's job functions and cost Petitioners time and money. (DN 1-1, at PageID # 16.)  Even if the deposition would be no more than four hours and even if

Respondents conducted the deposition after work hours or over a weekend, the burden in preparing for and participating in the deposition does not justify its marginal benefit.

Most of the information Respondents seek from Arnold would be unreasonably duplicative of Tydlacka's deposition testimony.  For instance, Respondents state that Tydlacka "testified to his general unawareness of the SRS system's capabilities to either contain or retrieve ESI related to procurement costs."  (DN 15, at PageID # 105.)  But Tydlacka already told counsel for Respondents that the amount recovered on a lien was not a capturable field and thus could not presently be retrieved from the SRS.  (*Id.* at PageID # 106.)  Respondents also assert that "Mr. Arnold knows the SRS computer system far better than Mr. Tydlacka and has information clearly relevant to the issue of whether class member damage information is available electronically."  (DN  15, at PageID # 113.)  But Respondents overstate Arnold's knowledge of the SRS and understate Tydlacka's knowledge of the same.  Petitioners assert that it is, in fact, Tydlacka that has a better understanding of the SRS and Respondents have not credibly asserted otherwise.  (DN 10, at PageID # 89.)  The Court thus does not see how Respondents would benefit by obtaining the exact same information from Arnold.

The sole topic that would not be duplicative of Tydlacka's deposition is Arnold's ability to modify the SRS to retrieve amounts recovered on a lien.  Without more, the expense of a four-hour deposition is not justified, especially since Petitioners have offered to respond to any interrogatories on the SRS.  (DN 1-1, at PageID #16.)  Arnold is an employee of the Company and thus the Company may obtain the relevant information from him and relay such information to Respondents through a written response.  (DN 1-1, at PageID # 4.)  Accordingly, Petitioners' Motion to Quash and for a Protective Order is **GRANTED**.

**B.  Motions to Seal**

Petitioners filed a Motion to Seal their unredacted reply brief. (DN 21.) Respondents filed a Motion to Seal their unredacted response brief, incorporating the arguments made in Petitioners' Motion. (DN 20.) Petitioners assert that the unredacted reply and response briefs contain deposition testimony that discusses competitively sensitive information regarding the functionalities of Rawlings's SRS.

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, S. Ct. 1306, 55 L. Ed. 2d 570 (1978), the Supreme Court held that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* at 598. Accordingly, the Sixth Circuit Court of Appeals reviews a district court's order to seal its records for abuse of discretion. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016). But the Sixth Circuit does not accord the district court the traditional scope of narrow review reserved for discretionary decisions based on first-hand observations due to the important right of public access to court records. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983). Therefore, only the most compelling reasons can justify non-disclosure of judicial records. *Id.*

It is well-established that a "strong presumption" exists in favor of keeping court records open to the public. *See, e.g., Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176–79 (6th Cir. 1983). The party seeking to seal the records bears the heavy burden of overcoming the presumption, and "only the most compelling reasons can justify non-disclosure of judicial records." *Shane*, 825 F.3d at 305 (quoting *In re Knoxville*, 723 F.2d at 476). To meet this burden, the party seeking a seal must show: (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored. *Id.*; *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94

7

(6th Cir. 2016).  "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access."  *Shane*, 825 F.3d at 308 (citation and internal quotation marks omitted).  The Sixth Circuit has held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys.*, 297 F.3d 544, 548 (7th Cir. 2002)).  Furthermore, in ruling on a motion to seal, the Court is required to make "specific findings and legal conclusions 'which justify nondisclosure to the public.'"  *Rudd*, 834 F.3d at 594 (quoting *Brown*, 710 F.2d at 1176).

### 1.  Privacy Interest

When it comes to sealing, a "confidentiality agreement ... does not bind the court in any way."  *Brown*, 710 F.2d at 1180; *See Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997, 1006 (S.D. Ohio 2015) (finding that a confidentiality provision in a redemption agreement between a defendant and a third party "may have been sufficient to justify the protective order, [but] it is insufficient to justify filing documents on the court's docket under seal").  Petitioners argue that the redacted information contains details about the functionality of the SRS, including how it works, and whether it could be modified.  (DN 21-1, at PageID # 142.) Such information, Petitioners assert, is highly sensitive business information that could harm their competitive standing if publicized.  (*Id.*)

In *Morris v. Tyson Chicken*, No. 4:15-CV-00077-JHM, 2020 WL 3442177 (W.D. Ky. June 23, 2020), the Court recognized a compelling interest in concealing business information that could harm a business's competitive standing.  *Id.* at *2.  Like Petitioners in this matter, the defendant in Morris argued that the proffered documents contained confidential information like the plaintiff's

8

pay, Tyson's individual specifications, and proprietary information. *Id.* The Court granted the defendant's request to seal the proffered documents to the extent they contained personal financial information and confidential business information that could harm Tyson's competitive standing. *Id.*

In *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945 (W.D. Ky. June 26, 2018), the Court recognized that documents proffered by the defendant would, if publicized, allow defendant's business rivals to easily learn the terms of its deals and poach third parties from underneath them. *Id.* at *6. The Court compared this privacy interest to the relatively low public interest in disclosure, noting that the sensitive information was not pertinent to the underlying motion to dismiss. *Id.* The Court concluded that, considering the narrowly tailored scope of the seal, the privacy interest in sealing the proffered documents outweighed the public interest in their disclosure. *Id.*

In *Schnatter v. 247 Group, LLC*, No. 3:20-CV-00003-BJB-CHL, 2022 WL 188193 (W.D. Ky. Jan. 20, 2022), the Court held that the defendants failed to show any compelling reason to redact information despite claiming that such information could be used by their competitors to outcompete bids. *Id.* at * 3. Although the defendants claimed the testimony related to a pitch of a new client that the defendants were working to obtain, the actual testimony revealed no details about the proposed relationship with the prospective client other than the existence of a pitch. *Id.* The defendants also did not explain how their competitors could have used such information to outcompete them for bids, or how publication of that information would cause them any concrete injury. *Id.* Accordingly, the Court denied the defendants' request to seal. *Id.*

Here, Petitioners have not met their burden to show that there is a compelling interest in maintaining the redacted information under seal. To be sure, there is a compelling interest in

maintaining commercially sensitive information under seal if publication of that information would harm a party's competitive standing. *Nixon*, 435 U.S. at 598. But a district court that chooses to seal court records must still set forth "specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane*, 825 F.3d at 306 (quoting *Brown*, 710 F.2d at 1176.) A conclusory statement that publication of such information would harm the competitive standing of a party, without any further explanation, will not suffice. *See Schnatter*, 2022 WL 188193, at *3. The redacted information here only reveals what information can be retrieved by the SRS, as well as who is responsible for the business side of the SRS and who is responsible for IT issues. The Court does not see how this information, if publicized, would harm Petitioners' competitive standing at all, nor do Petitioners even explain how publication would harm their competitive standing. Accordingly, the Court holds that Petitioners have not established a compelling interest in secrecy.

### 2. Public Interest

It is not enough that the proponent of sealing demonstrates a compelling privacy interest; such interest must outweigh the public's right to ascertain the evidence that the Court relied upon in reaching its decisions. *Brown*, 710 F.2d at 1181. Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *Shane*, 825 F.3d at 305. In cases involving class actions, where some members of the public are also parties to the case, the standards for denying public access to the record should be applied strictly. *Id.*

Here, the redacted portions of the deposition testimony as well as the characterizations of the testimony are offered by both parties to support and oppose Petitioners' Motion to Quash. As this matter is a class action case, the public interest in accessing the Court record would ordinarily

be higher. *Shane*, 825 F.3d at 305. However, as the redacted information relates to a discovery motion, rather than a dispositive motion on the merits, the public interest in the supporting evidence is lower. *Cf. Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2022 WL 188193, at *3 (W.D. Ky. Jan. 20, 2022) ("Additionally, the public interest in the information is greater here, when it has been offered to support a response to a dispositive motion in a later stage of litigation."). The lesser the public interest in the subject matter, the lesser the showing necessary to overcome the presumption of access. *Caudill Seed and Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017). Thus, the Court holds that the public interest in the supporting testimony is low. However, as the Court does not find that there is a compelling interest in secrecy, the Court holds that maintaining these documents under seal is not justified.

## III.    Order

For the foregoing reasons,

IT IS HEREBY ORDERED that:

a)    The Motion to Quash (DN 1) filed by Petitioners is **GRANTED**.

b)    The Motion for Leave to Seal Document (DN 20) filed by Respondents is **DENIED**. The Clerk of Court shall permanently unseal DN 15.

c)    The Motion for Leave to Seal Document (DN 21) filed by Petitioners is **DENIED**. The Clerk of Court shall permanently unseal DN 10.

Colin H Lindsay, Magistrate Judge
United States District Court

August 6, 2025

cc:  Counsel of record

11